IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HISTORIES ANTIQUES &
COLLECTIBLES
doing business as BRIAN D. DUBUC                        PLAINTIFF

v.                Civil No. 2:24-CV-02038-PKH-MEF

HORACE SAMUEL PARKER JR. REV.
TRUST (Successor David A Parker),
DAVID A and KIMBERLY PARKER
(Husband and Wife Successor individ
officially Horace Samuel Parker jr Rev Trust),
GAITHER LAW,
CROSBY REAL ESTATE, INC.,
BROKER/OWNER SHERI CROSBY
(individually),
and LUKE GAITHER (Individually
Officially)                                                         DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.[1] Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.      BACKGROUND

Plaintiff filed his Complaint on March 25, 2024. (ECF No. 2). His Complaint is largely incoherent, but it appears to allege the loss of a business and real property in Okmulgee, Oklahoma,

---

[1] ECF No. 2 at 3.

1

due to actions taken by the Defendants. (*Id*. at 4-5). Specifically, he states the property was "unlawfully converted by heirs." (*Id*. at 4). He alleges these actions violated federal and state statutes, as well as the Fifth and Fourteenth Amendments. (*Id*. at 3). Plaintiff indicates he has hired an attorney for his state case on this matter, but that attorney is "petrified" by the other side and seeking to resign. (*Id*. at 4). Plaintiff proceeds *pro se* in this case. Plaintiff seeks immediate possession of his "[b]uilding land business records inventories tools customer data sales books legal tender titles to property customer property Automobiles tractor over 100000 piece Lego city s of step children star wars marvel DC collection of toys action figures. . . ." (*Id*. at 6). He further seeks immediate payment of all costs, including attorney's fees, a declaratory judgment, and lost revenues and sales. (*Id*.).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court screens *in forma pauperis* cases prior to service of process and must dismiss the case if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). All pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). In addition, the pleading of a party who is proceeding *pro se* must be liberally construed. *See Whitson v. Stone County Jail*, 602 F.3d 920, 922 (8th Cir. 2010). Although it will be liberally construed, a *pro se* complaint "must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious if its allegations are known to be false or if it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A complaint fails to state a claim upon which

2

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.   ANALYSIS

Plaintiff has failed to state a plausible § 1983 claim. "Only a state actor can face § 1983 liability." *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021). Here, Plaintiff has named private individuals, a private corporation, and a private law firm as Defendants. Private entities can qualify as a state actor only "when the private entity performs a traditional, exclusive public function," and "when the government acts jointly with the private entity." (*Id.*) (quoting *Halleck v. Manhattan Cmty. Access Corp.*, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted)). Plaintiff has not alleged that Defendants served a traditional public or governmental function, or that any Defendant was acting jointly with any government. Thus, Plaintiff has failed to state a plausible § 1983 claim.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 2) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE