UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| HISTORIES ANTIQUES & COLLECTIBLES d/b/a BRIAN D. DUBUC | | PLAINTIFF |
| v. | No. 2:24-cv-2038 | |
| HORACE SAMUEL PARKER JR. REV. TRUST (Successor David A Parker), DAVID A and KIMBERLY PARKER (Husband and Wife Successor individ officially Horace Samuel Parker jr Rev Trust), GAITHER LAW, CROSBY REAL ESTATE, INC., BROKER/OWNER SHERI CROSBY (individually), and LUKE GAITHER (Individually Officially) | | DEFENDANTS |

## OPINION AND ORDER

The Court has received a report and recommendation ("R&R") (Doc. 6) from Chief United States Magistrate Judge Mark E. Ford.  The Magistrate Judge recommends on preservice screening under 28 U.S.C. § 1915(e)(2) that Plaintiff's complaint be dismissed for failure to state a claim because the Plaintiff has not shown the private Defendants can face liability under 42 U.S.C. § 1983.  Plaintiff filed objections (Doc. 7).  The Court has conducted a *de novo* review of the R&R, *see* 28 U.S.C. § 636(b)(1)(C), and finds that it contains no clear error, and that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate Judge's findings.  The R&R is ADOPTED IN ITS ENTIRETY.

Plaintiff also argues in the alternative that he was not bringing a § 1983 action against the Defendants.  He explains, "Applicant intended his action as a petition for removal under diversity.  It is the only ground truly Asserted. [sic]  the Petition was not drafted nor intended as a 1983 filing

but is the form provided to him by some direction to the clerks when he requested forms for removal action." (Doc. 7, p. 11). Even if that was Plaintiff's intention, Plaintiff cannot remove a case to this court. First, under the removal statutes, only a defendant can remove a state court action to federal court. 28 U.S.C. § 1441(a). Second, Plaintiff's objections reference ongoing state proceedings in Oklahoma. Those state proceedings cannot be removed to a federal court in Arkansas because removals from state court must be "to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* For those reasons, Plaintiff's complaint can also be dismissed as frivolous under 28 U.S.C. § 1915(e)(2) because it lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS FURTHER ORDERED that Plaintiff's remaining motion (Doc. 8) is MOOT.

IT IS SO ORDERED this 15th day of July, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE